## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| **Lawrence Johnson and Dorothy Johnson,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **NCC Business Services, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.    This is an action brought by Plaintiffs, Lawrence and Dorothy Johnson, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq* (hereinafter "FDCPA"). Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.    This Court has Jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

## PARTIES

3.    Plaintiff, Lawrence Johnson, is a resident and citizen of the State of South Carolina,

Aiken County, and is over the age of twenty-one (21) years.  Plaintiff Lawrence Johnson is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

4.  Plaintiff, Dorothy Johnson, is a resident and citizen of the State of South Carolina, Aiken County, and is over the age of twenty-one (21) years.  Plaintiff Dorothy Johnson is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

5.  Defendant NCC Business Services, Inc. (hereinafter "NCC") is a Florida corporation who was in all respects and at all times relevant herein doing business in the State of South Carolina.  Defendant NCC may be served with process through its registered agent for service of process, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. NCC is a debt collector as that term is defined in 15 U.S.C. 1692a(6).

## FACTUAL ALLEGATIONS

6.  Starting in January, 2014, Defendant began to make telephone calls to Plaintiffs' home and cellular phones in an attempt to collect an alleged debt. Defendant made several telephone calls per day to Plaintiffs in an attempt to collect an alleged debt and said telephone calls were made with the intent to harass, coerce or annoy Plaintiffs into paying an alleged debt.

7.  From at least January of 2014 until June of 2014, Defendant carried out a systematic campaign of harassment against Plaintiffs by calling Plaintiffs more than two hundred twenty five (225) telephone times. Upon information and belief, every call made by

Defendant to Plaintiffs was in an attempt to collect an alleged debt and was made with the intent and purpose to harass, annoy and/or coerce the Plaintiffs into paying an alleged debt.

8.    In January, 2014, Defendant made at least twenty three (23) telephone calls to Plaintiffs in an attempt to collect an alleged debt.

9.    In February, 2014, Defendant made at least thirty seven (37) telephone calls to Plaintiffs in an attempt to collect an alleged debt.

10.    In March, 2014, Defendant made at least forty seven (47) telephone calls to Plaintiffs in an attempt to collect an alleged debt.

11.    In April, 2014, Defendant made at least forty seven (47) telephone calls to Plaintiffs in an attempt to collect an alleged debt.

12.    In May, 2014, Defendant made at least fifty three (53) telephone calls to Plaintiffs in an attempt to collect an alleged debt.

13.    In June, 2014, Defendant made at least eighteen (18) telephone calls to Plaintiffs in an attempt to collect an alleged debt.

14.    The relentless telephone calls made by Defendant to Plaintiffs in an attempt to collect an alleged debt were all made with the intent to harass, annoy or coerce Plaintiffs into paying an alleged debt.

15.    In spite of the constant communications from Defendant, Defendant never provided Plaintiffs with any documentation, in the form of a letter or otherwise, reflecting

Defendant's right to seek verification of the alleged debt as required by the FDCPA.

16. Upon information and belief, a number of calls placed to the Plaintiffs' cellular telephones by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

17. Defendant repeatedly called Plaintiffs on numbers that were assigned to a cellular telephone service. Additionally, Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

18. Plaintiffs did not expressly consent to Defendant's placement of telephone calls to their cellular telephones by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Defendant knew, or should have known, that they were calling Plaintiffs' cellular telephone numbers without express consent.

19. None of Defendant's telephone calls placed to Plaintiffs were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

20. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## COUNT ONE
### (Violation of the Fair Debt Collection Practices Act)

21. Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 20 as if set forth fully herein.

22. Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiffs and an alleged consumer debt.  Defendant is a  debt collector as that term is defined in 15 U.S.C. 1692a(6) and

are regularly engaged in the collection of debts.

23.    Defendant violated §1692c(a)(1) by contacting the Plaintiffs at a time or place Defendant knew or should have known was inconvenient to the Plaintiffs.

24.    Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs by repeatedly telephoning the Plaintiffs with the intent to annoy, abuse, or harass the Plaintiffs in an effort to coerce them into paying a debt in violation of §1692d(5).

25.    Defendant violated §1692g(a) by not providing Plaintiffs with the statutorily required debt verification language to Plaintiffs as part of Defendant's initial communications or within five days after Defendant's initial communication with Plaintiffs.

26.    As a proximate result of Defendant's actions, the Plaintiffs were caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which they seeks the maximum statutory damages, actual damages, plus attorneys' fees and costs.

## COUNT TWO
**(Violation of the Telephone Consumer Protection Act)**

27.    Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 26 as if set forth fully herein.

28.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

29.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiffs
      are entitled to an award of $500.00 in statutory damages, for each and every violation,
      pursuant to 47 U.S.C.§ 227(b)(3)(B).

### COUNT THREE
**(Violation of the Telephone Consumer Protection Act)**

30.   Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 30 as
      if set forth fully herein.

31.   The foregoing acts and omissions of Defendant constitute numerous and multiple
      knowing and/or willful violations of the TCPA, including but not limited to each and
      every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et
      seq.*, the Plaintiffs are entitled to treble damages, as provided by statute, up to
      $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47
      U.S.C. § 227(b)(3)(c).

### COUNT FOUR
**(Negligent Training and Supervision)**

33.   Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 32 as
      if set forth fully herein.

34.   Defendant knew or should have known of their inadequate training and supervision.
      If Defendant had properly trained and supervised their employees, agents, and assigns,
      the conduct set forth herein which was directed at and visited upon the Plaintiffs

would not have occurred.

35.  Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the FDCPA, the TCPA, and South Carolina law.

36.  Defendant negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

37.  As a result of the Defendant's negligence, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

**COUNT FIVE**
**Reckless and Wanton Training and Supervision**

38.  Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 37 as if set forth fully herein.

39.  Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiffs would not have occurred.

40.  Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the FDCPA, the TCPA, and South Carolina law.

41.  Defendant recklessly and wantonly failed to train and supervise their employees,

agents, and/or assigns in order to prevent said improper conduct.

42. As a result of the Defendant's recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SIX
### (Invasion of Privacy)

43. Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 42 as if set forth fully herein.

44. South Carolina state law recognizes the Plaintiffs' right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiffs.

45. Defendant intentionally intruded upon the Plaintiffs' right to privacy by continually harassing the Plaintiffs with telephone calls to collect an alleged debt.

46. The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency that they were outrageous, caused Plaintiffs serious mental suffering and invaded the Plaintiffs' privacy.

47. The conduct of the Defendant in engaging in the systematic campaign of harassment by repeatedly telephoning the Plaintiffs over 225 times in 6 months demonstrates Defendant's blatant and shocking disregard for Plaintiffs' rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.     As a result of the intrusions and invasions into Plaintiffs' privacy, the Plaintiffs are entitled to compensatory damages in an amount to be determined by a struck jury.

49.     Additionally, as all of the acts undertaken and performed by the Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiffs are also entitled to punitive damages from the Defendant.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against Defendant for the following:

A.     For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include the Plaintiffs' actual damages, statutory damages of one thousand ($1,000.00) dollars for each Plaintiff, as well as attorney's fees and costs;

B.     Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

C.     Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phones by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

D.     For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

E.      For this matter to be heard by a jury; and

F.      For such other and further relief as this Court deems necessary and proper.


                              /s/ Penny Hays Cauley
                              Penny Hays Cauley, Fed ID No 10323
                              Attorney for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**


                              /s/ Penny Hays Cauley
                              Of Counsel


**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

NCC Business Services, Inc.
c/o C T Corporation System - Registered Agent
2 Office Park Court
Columbia, SC 29223